UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

                Plaintiff,

vs.

UNKNOWN BUTLER, *et al.*,

                Defendants.

_____/

Case No. 1:08-cv-541

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

Plaintiff has filed a § 1983 civil rights action against defendants. This matter is now before the court on plaintiff's ex parte "Rule 65 motion for temporary restraining order and preliminary injunction" (docket no. 5).

### I.     Background

Plaintiff has filed a six-count complaint alleging: that defendant D. Grudenich retaliated against him by filing a false major misconduct charges against him; that defendant Butler retaliated against him by filing two false major misconduct charges against him; that defendant Kandra Robbins violated his "right to be free from retaliation . . . by condoning the illegal actions of defendant Butler" and his due process rights with respect to a prison disciplinary hearing; and that defendant Richard Stapleton violated his "right to be free from retaliation . . . by condoning the illegal actions of defendants Butler and Robbins" and his due process rights by "condoning the illegal actions of defendant Robbins." Plaintiff seeks injunctive relief which includes enjoining the enforcement of the "false major misconducts" and expunging them from his prison file. In addition,

he seeks a declaration that defendants Butler and Grudenich violated his First Amendment rights and monetary damages of $400,000.00 from each defendant.

## II.    Plaintiff's motion for a Temporary Restraining Order (TRO)

Plaintiff seeks a temporary restraining order (TRO) and preliminary injunction to enjoin enforcement of two major misconduct charges issued by defendant Butler.  In his motion, plaintiff states that his July 2, 2008 parole eligibility report indicates that he will be having a parole hearing "within a few months" and that if the court does not issue a TRO and preliminary injunction "against the enforcement of the false retaliatory misconducts" he will be denied parole and suffer irreparable injury.

Fed. R. Civ. P. 65(b)(1) provides for the issuance of a TRO as follows:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.  *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998).  The four factors listed above are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight.

*In re Eagle-Pitcher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992).  While a court need not consider any single factor as either indispensable or dispositive, neither is it required to conclude that all four support its decision.  The court's discretion is directed at the weight to be given each factor, and the effect to be accorded their mix.  Furthermore, the movant bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction.  *Granny Goose Foods, Inc. v Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 432, 441 (1974).

Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting.  *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984).   Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995).  Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts.  *Bell v. Wolfish,* 441 U.S. 520, 547 (1979).  Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial."  *Id.* at 548.  For these reasons, a plaintiff attacking administrative decisions about issues of security and discipline must meet a heavy burden.

Here, plaintiff is not entitled to a TRO, because he has failed to present an affidavit or verified complaint containing "specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to [him] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The record reflects that plaintiff has not submitted an affidavit in support

3

of his motion for a TRO.  While plaintiff filed a verified complaint, this document does not "clearly show" that he will suffer immediate and irreparable injury, loss or damage before defendants can be heard on his claims.  Specifically, the complaint does not document or explain the major misconduct charges or the parole hearing at issue in the requested TRO.  "An ex parte temporary restraining order is an extraordinary remedy which will not be granted unless the movant clearly shows that such relief is warranted."  *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990).  Furthermore, plaintiff's fear of possible future injury is not a sufficient basis to grant a TRO.  Injunctive relief "will not be granted against something merely feared as liable to occur at some indefinite time in the future."  *State of Connecticut v. Commonwealth of Massachusetts*, 282 U.S. 660, 674 (1931).  Accordingly, plaintiff's request for a TRO should be denied.

### III.     Preliminary injunction

Next, plaintiff's ex parte motion for a preliminary injunction is procedurally improper.  Fed. Rules Civ. Proc. 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party."  *See Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 130-31 (5th Cir. 1990) ("[t]he courts consistently have treated rule 65(a)(1) as mandatory and have not hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed questions of fact and law");  *Consolidation Coal Co. v. Disabled Miners of Southern W. Va.*, 442 F.2d 1261, 1269 (4th Cir. 1971) (court's issuance of an ex parte preliminary injunction "was manifestly error, because Rule 65(a)(1) is explicit that 'no preliminary injunction shall be issued without notice to the adverse party'").  Plaintiff's status as a pro se litigant does not excuse him from this procedural requirements.  A pro se litigant is not entitled to special

4

consideration with respect to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer. *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir.1991). Accordingly, plaintiff's motion for the issuance of an ex parte preliminary injunction should be denied.

## IV.    Recommendation

For these reasons, I respectfully recommend that plaintiff's ex parte motion for a temporary restraining order and preliminary injunction (docket no. 5) be **DENIED**.


Dated:  August 29, 2008                          /s/ Hugh W. Brenneman, Jr.
                                                 HUGH W. BRENNEMAN, JR.
                                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).