UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

        Plaintiff,

CASE NO. 1:08-CV-541

v.

HON. ROBERT J. JONKER

UNKNOWN BUTLER, et. al.,

        Defendants.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION AND DENYING PRELIMINARY EQUITABLE RELIEF

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket #8) filed on August 29, 2008. Plaintiff filed his Objections to the Report and Recommendation (docket#10) on September 10, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (docket #5) be denied. As to Plaintiff's request for a temporary restraining order ("TRO") the Report and Recommendation concludes that Plaintiff has failed to show that he will suffer irreparable injury if the TRO is denied. As to Plaintiff's request for a preliminary injunction, the Report and Recommendation concludes that Plaintiff failed to comply with the notice requirements of FED. R. CIV. P. 65(a)(1). Plaintiff objects to the Report and Recommendation only insofar as it recommends denial of his request for a TRO. Plaintiff's objections are without merit. After a de novo review of the record, the Court agrees with Magistrate Judge Brenneman that preliminary equitable relief is unwarranted in this case.

**I. Legal Framework**

Plaintiff seeks a TRO or preliminary injunction prohibiting Defendants from enforcing two allegedly false "major misconduct" violations against him. Plaintiff alleges that Defendants issued (or allowed to be issued) these major misconduct violations in retaliation for Plaintiff's protected speech, thereby violating his rights under the First Amendment.

A plaintiff seeking a TRO or preliminary injunction bears a heavy burden. Such relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). In considering a request for preliminary relief, the

Court engages in a four factor balancing test. *Rock & Roll Hall of Fame Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). The Court considers:

> (1) Whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction."

*Id.* Additionally, where a prisoner seeks an order enjoining state prison officials, the Court must proceed with caution and due deference to the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 132, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Ultimately, the decision of whether to issue a TRO or preliminary injunction is a matter left to the district court's discretion. *See Rock & Roll Hall of Fame*, 134 F.3d at 753.

## II. Plaintiff's Request for a Temporary Restraining Order

In addition to the four-factor balancing test detailed above, the Court must also evaluate Plaintiff's request for a TRO in light of the requirements of FED. R. CIV. P. 65(b)(1)(a), which states that a court may issue a TRO only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adversary can be heard in opposition." In this case, the Report and Recommendation concluded that Plaintiff failed to establish immediate and irreparable injury. The Report and Recommendation does not specifically address the other factors relevant to the four-factor balancing test.

### A. Likelihood of Success on the Merits

To prevail at trial on his First Amendment retaliation claim, Plaintiff must show that (1) he engaged in protected conduct; (2) he suffered an adverse action; and (3) there is a causal connection between the protected conduct and the adverse action. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394

3

(6th Cir. 1999). Plaintiff may establish the third element of this test by showing that "his protected conduct was a motivating factor behind the adverse action he suffered and that the officials would not have taken the adverse action in the absence of his protected activity." *Scott v. Stone*, 245 Fed. Appx. 469, 474 (6th Cir. 2007) (citing *Thaddeus-X*, 175 F.3d at 399.)

At this stage of the case, Plaintiff Garrison fails to show a substantial likelihood of success on the merits because he cannot establish that he received the major misconduct tickets because he engaged in protected activity. *See Scott v. Stone*, 245 Fed. Appx. at 474. Plaintiff contests the validity of the major misconduct tickets and the procedures afforded him in the misconduct hearings, but his bare factual averments do not establish that the tickets were unwarranted or that he would not have received those tickets but for the protected activity. Absent such a showing, this Court cannot conclude that Plaintiff has a strong likelihood of succeeding at trial. *See Thomas v. Eby*, 481 F.3d 434, 442 (6th Cir. 2007) (noting that a proven infraction of prison rules generally entitles defendant to summary judgment on First Amendment retaliation claims arising out of the violation); *Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir. 2005) ("A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates a retaliation claim.'" (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994))). Even if Plaintiff is able to show a disputed issue of fact over whether Defendants' actions constitute justifiable prison disciplinary measures or unconstitutional retaliation, such a showing does not warrant a TRO. *See Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) ("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion."). This factor weighs against a TRO.

### B. Irreparable Injury

The Report and Recommendation determined that Plaintiff failed to set forth facts that "clearly show" immediate and irreparable injury will result if his request for a TRO is denied. *See* FED. R. CIV. P. 65(b)(1)(A). Plaintiff objected to this part of the Report and Recommendation, but his objection is little more than a restatement of his initial argument: if the TRO is not granted, Plaintiff will be denied parole. Plaintiff cites *Helling v. McKinney*, 509 U.S. 25 (1993) for the proposition that a threat of future harm may support a request for preliminary injunctive relief. *Helling* does nothing to alter the general rule that injunctive relief is inappropriate where the claimed harm is speculative or may never occur. *See Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003); *NACCO Materials Handling Group, Inc. v. Toyota Materials Handling USA, Inc.*, 246 Fed. Appx. 929, 943 (6th Cir. 2007) (stating that plaintiff must show irreparable harm that is "both certain and immediate, rather than speculative or theoretical") (internal quotations omitted).

In this case, Plaintiff's claimed harm is entirely speculative. The decision of whether to grant parole is a discretionary decision left to the Michigan Parole Board. *See* M.C.L. §§ 791.234, 791.235; *see also Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (noting that a prisoner has no constitutionally protected liberty interest in parole). This Court is in no position to speculate about what the Parole Board may or may not do at Plaintiff's parole hearing, nor can the Court speculate about the reasons underlying any potential Parole Board decision. *See*, *e.g.*, *Dotson v. Wilkinson*, 329 F.3d 463, 471 (6th Cir. 2003) ("[T]he broad discretion afforded to the Parole Board leaves us with little ability to predict what will 'necessarily' occur as a result of Johnson's new parole hearing.") Accordingly, this factor also weighs against granting the requested injunctive relief.

### C. Substantial Harm to Others and Public Interest

Given that Plaintiff has failed to show either a substantial likelihood of success on the merits or a threat of irreparable injury, the last two factors of the TRO test do not alter the outcome of this case. *See*, *e.g.*, *Gonzalez v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."); *see also In re DeLorean Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985) (noting that the district court may decline to analyze all four factors where fewer factors are dispositive of the issue). While an in-depth analysis of these factors is not critical to this case, the Court notes that granting Plaintiff's request for a TRO would force the Court to discredit the on-the-spot determinations of the prison officials who issued the misconduct tickets and the motives of the officials who administered hearings addressing the validity of those tickets. The bare factual averments in this case do not merit such an intrusion on the Michigan prison system without giving the prison official an opportunity to respond to Plaintiff's allegations. Accordingly, the Court exercises its discretion to deny Plaintiff's request for a TRO.

### III. Plaintiff's Request for a Preliminary Injunction

The Report and Recommendation concludes that Plaintiff's request for a preliminary injunction failed to comply with the notice requirements of Fed. R. Civ. P. 65(a)(1). Plaintiff does not specifically object to this aspect of the Report and Recommendation, thus any grounds for objection on this ruling are waived. *See Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed August 29, 2008, is approved and adopted as the opinion of the Court, as further supplemented by this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (docket #5) is **DENIED**.


Dated:   February 24, 2009                  /s/ Robert J. Jonker
                                                      ROBERT J. JONKER
                                                      UNITED STATES DISTRICT JUDGE