UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

        Plaintiff,

Case No. 1:08-cv-541

Hon. Robert J. Jonker

v.

UNKNOWN BUTLER, *et al.*,

        Defendants.

                             /

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendants combined motion to dismiss and for summary judgment (docket no. 40).

**I.**    **Background**

Plaintiff has filed a six-count complaint against four defendants: Corrections Officer Scott Butler; Resident Unit Officer (RUO) David Grudenich; Kandra Robbins, a hearing officer with the State Office of Administrative Hearings and Rules; and, Richard Stapleton, the Adminstrator of the Michigan Department of Corrections (MDOC) Office of Legal Affairs. In Count I, plaintiff alleges that RUO Grudenich retaliated against him by filing a false major misconduct charges against him. In Count II, plaintiff alleges that Corrections Officer Butler retaliated against him by filing two false major misconduct charges against him. In Count III, plaintiff alleges that Hearing Officer Robbins violated his "right to be free from retaliation . . . by condoning the illegal actions of defendant Butler." In Count IV, plaintiff alleges that Hearing Officer Robbins violated his due process rights with respect to a prison disciplinary hearing. In Count V, plaintiff alleges that

Administrator Stapleton violated his "right to be free from retaliation . . . by condoning the illegal actions of defendants Butler and Robbins." Finally, in Count VI, plaintiff alleges that Administrator Stapleton violated his due process rights by "condoning the illegal actions of defendant Robbins." Plaintiff seeks injunctive relief which includes enjoining the enforcement of the "false major misconducts" and expunging them from his prison file. In addition, he seeks a declaration that defendants Butler and Grudenich violated his First Amendment rights and monetary damages of $400,000.00 from each defendant.

## II.     Legal Standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for

>summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).

"In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 127 S. Ct. 1769, 1776 (2007).

### III.    Discussion

#### A.    Retaliation

To prove a First Amendment retaliation claim, plaintiff must establish three elements: "1) the plaintiff engaged in activities protected by the Constitution or statute;  2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that this adverse action was taken at least in part because of the exercise of the protected conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). *See also Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To establish the causation element of a retaliation claim, "the plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct." *Smith*, 250 F. 3d at 1037, *citing Mount Health City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977). "[B]ecause prisoner retaliation claims are easily fabricated, and accordingly pose a

substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations." *Bennett v. Goord*, 343 F.3d 133, 137 (2nd Cir. 2003) (internal quotation marks omitted).

### 1. Corrections Officer Grudenich

In Count I, plaintiff alleges that Grudenich retaliated against him based on the following facts. On January 19, 2008, plaintiff "approached the officer's desk in his housing unit to staple together a few pages of a magazine article (5-6 pages) regarding gang warfare and [its] harmful effects to Native American Traditional culture on the Pine Ridge Reservation in South Dakota." Compl. at ¶ 1. Officer Grudenich claimed the article was contraband because the pages were removed from a magazine, rendering the magazine "altered." *Id.* at ¶ 2. When plaintiff showed Grudenich a copy of the policy directive demonstrating that the material was not contraband, Grudenich became angry and said it was "gang stuff." *Id.* at ¶ 4. Plaintiff stated that while the MDOC prohibits Security Threat Group signs and symbols, nothing prohibited "gang stuff." *Id.* at ¶ 4. Grudenich said "Do you want to just throw it away, or do you want a hearing," plaintiff told Grudenich "that he wanted a hearing because the article wasn't contraband and that he was filing a grievance and would file a lawsuit if he had to." *Id.* at ¶ 5. Officer Grudenich told plaintiff that he was getting a ticket. *Id.* at ¶ 5. Grudenich issued plaintiff a major misconduct ticket for possession of dangerous contraband that was later reduced to a minor misconduct of possession of contraband. *Id.* at ¶ 6.

Plaintiff's claim fails because he has not alleged, let alone demonstrated, that he participated in any protected activity that would serve as the basis for a First Amendment retaliation claim. *See Smith*, 250 F.3d at 1037; *Thaddeus-X*, 175 F.3d at 394. The conduct that plaintiff

engaged in was threatening to file a grievance and a lawsuit to demonstrate that the material was not contraband. Furthermore, it is undisputed that the material was deemed contraband and plaintiff was convicted of a minor misconduct for possessing it. "A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Jackson v. Madery*, 158 Fed.Appx. 656, 662 (6th Cir. 2005), quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994). As in *Jackson*, the misconduct report shows that there was some evidence to support the charges. *See Jackson*, 158 Fed. Appx. at 662; docket no. 41-3. Accordingly, defendant Grudenich is entitled to summary judgment on this count.

### 2. RUO Butler

In Count II, plaintiff alleges that RUO Butler retaliated against him by filing two major misconduct tickets against him. Plaintiff alleged that on March 2, 2004 he told RUO Butler that he filed one grievance against Butler for harassment and that he would file a second one for inattention to duty for playing cards. Compl. at ¶¶ 8-12, 19. RUO Butler allegedly told plaintiff that he would "make it real hard" for plaintiff because of the snitching and that he would "just write your ass some tickets." *Id.* at ¶¶ 9-11. Plaintiff told RUO Butler that if Butler "retaliated against him in any way for filing his grievance that he would file a federal lawsuit." *Id.* at ¶ 12. Plaintiff then filed a second grievance against RUO Butler for "continued harassment," "threats," and "writing false tickets." *Id.* On March 4, 2008, RUO Butler issued plaintiff a major misconduct ticket for insolence and a minor misconduct ticket for typing in the unit activity room. Compl. at ¶ 14. Then on March 11, 2008, RUO Butler allegedly told plaintiff that he would "keep writing false misconducts on him" because plaintiff "snitched" on Butler by writing grievances. *Id.* at ¶¶ 22-23. The next day, RUO Butler wrote plaintiff a major misconduct ticket for interference with the

5

administration of the rules, i.e., watching television while on loss of privileges (LOP) sanction. *Id.* at ¶ 25.

Again, plaintiff's claim for retaliation fails because he was convicted of the misconduct charges upon which his retaliation claim is based. *See Jackson*, 158 Fed.Appx. at 662; *Henderson*, 29 F.3d at 469. As in *Jackson*, the Hearing Officer's reports in this case show that there was some evidence to support the charges. *See Jackson*, 158 Fed. Appx. at 662; docket nos. 41-7 and 41-8. Accordingly, RUO Butler is entitled to summary judgment on this count.

### B.    Claims against Hearing Officer Robbins

In Counts III and IV, plaintiff alleges that Hearing Officer Robbins violated his constitutional rights by finding him guilty of the major misconduct charges and by not acting as an impartial decisionmaker. Plaintiff's claim is without merit. Hearing Officer Robbins found plaintiff guilty of major misconduct violations on March 10, 2008 and March 31, 2008. *See* docket nos. 41-7 and 41-8. Michigan prison hearing officers are attorneys, under the direction and supervision of a special hearing division in the MDOC, who are similar to administrative law judges and entitled to absolute judicial immunity in relation to actions within the officer's authority. *See Barber v. Overton*, 496 F.3d 449, 452 (6th Cir. 2007); *Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988) (noting that MDOC hearing officers are in the nature of administrative law judges); M.C.L. § 791.251-255. Hearing Officer Robbins has absolute judicial immunity with respect to plaintiff's claims against her. *See Barber*, 496 F.3d at 452; *Shelly*, 849 F.2d at 230. Accordingly, Robbins is entitled to summary judgment with respect to Counts III and IV.

### C. Administrator Stapleton

Finally, in Counts V and VI, plaintiff alleges that Administrator Stapleton violated his constitutional rights by "condoning the illegal actions of defendants Butler and Robbins." Plaintiff's sole claim against Administrator Stapleton is that he denied requests for rehearing on Hearing Officer Robbins' decisions. Compl. at ¶ 33; docket nos. 41-7 and 41-8. As the appellate reviewer of a Hearings Officer Robbins' decisions, Administrator Stapleton was acting in a judicial capacity and should be entitled to the same absolute judicial immunity as the hearings officer who rendered the initial decision. *See generally Barber*, 496 F.3d at 452; *Shelly*, 849 F.2d at 230. Accordingly, Administrator Stapleton is entitled to summary judgment with respect to counts V and VI.

### D. Plaintiff's claim for injunctive relief

Plaintiff also asks this court to enter a preliminary injunction to enjoin Hearing Officer Robbins and Administrator Stapleton from enforcing the major misconducts and for further injunctive relief to expunge the major misconducts from his prison file. Compl. at p. 10. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). The court previously denied plaintiff's motion for a preliminary injunction. *See* docket no. 48. For the reasons stated above, plaintiff has no claims against the four defendants in this action. There is no legal basis to issue injunctive relief. Accordingly, plaintiff's claims for injunctive relief should be denied.

### E. Plaintiff's response

In his response (docket no. 44), plaintiff states that he sent discovery requests to defendants shortly before they filed the motion for summary judgment. Plaintiff asserts that this court cannot grant summary judgment until he has conducted adequate discovery. Plaintiff appears to be seeking relief pursuant to Fed. R. Civ. P. Rule 56(f), which provides that a party opposing a motion for summary judgment is allowed to present an affidavit which shows that "for specified reasons" the party "cannot present facts essential to justify the opposition." If the party makes such a showing, then the court can: "(1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Rule 56(f). The party opposing the motion for summary judgment bears the burden of establishing why the discovery is necessary. *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003). Plaintiff has failed to present an affidavit as required by Rule 56(f). There is no justification for the court to delay ruling on defendants' motion. Furthermore, plaintiff's request for relief appears disingenuous, in light of the fact that he submitted *seven* affidavits in opposition to defendants' motion. *See* docket nos. 44-2 through 44-8.

### IV. Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motion for summary judgment (docket no. 40) be **GRANTED** and that plaintiff's complaint be dismissed.


Dated: June 22, 2009 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

8

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).