UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

    Plaintiff,

CASE NO. 1:08-CV-541

v.

HON. ROBERT J. JONKER

UNKNOWN BUTLER, et. al.,

    Defendants.
_____/

# ORDER and JUDGMENT
# APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 53), and Petitioner's objections to it (docket # 54). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Defendants' motion for summary judgment (docket # 40) be granted, and that Plaintiff's complaint be dismissed. Plaintiff raises a

number of objections to the Report and Recommendation, but none of the objections undermine the conclusion of the Magistrate Judge. After a de novo review of the record, the Court orders that Defendants' motion for summary judgment is granted, and that Plaintiff's complaint is dismissed.

## I. Background

This is a retaliation case. Plaintiff alleges Defendants fabricated multiple major misconduct charges against him because he filed or threatened to file grievances against Defendants Grudenich and Butler. Plaintiff was convicted of the misconduct charges in question, and he has not had those convictions set aside. Nevertheless, Plaintiff also alleges Defendants Robbins and Stapleton violated his Due Process rights by allowing him to be convicted on the allegedly false and retaliatory charges.

## II. First Amendment Retaliation Claims

The Magistrate Judge recommended dismissal of Plaintiff's First Amendment retaliation claims because Plaintiff failed to establish the requisite causal nexus between his protected conduct and the major misconduct tickets issued by Defendants Grudenich and Butler. *See, e.g.*, *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Plaintiff objects to the Magistrate Judge's conclusion, but his objections do not address the fundamental flaw in his retaliation claims: namely, that Grudenich and Butler would have written the misconduct tickets even if Plaintiff had not previously filed grievances against them. *See id.; see also Thomas v. Eby*, 481 F.3d 434, 442 (6th Cir. 2007) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)).

The premise of Plaintiff's retaliation claims is that the major misconduct charges against him were fabricated. Plaintiff argued this point at misconduct hearings in front of a neutral hearing officer, but he was convicted of the underlying conduct on each of three major misconduct tickets. He has not had those convictions set aside. "A finding of guilt based upon some evidence of a

2

violation of prison rules 'essentially checkmates a retaliation claim.'" *Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir. 2005) (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)).

The general rule articulated in *Jackson* is not without exception. The Sixth Circuit, at least in dicta, has suggested that there may be circumstances under which a prisoner could proceed on a retaliation claim even though he has not had the allegedly retaliatory conviction set aside. *See Thomas*, 481 F.3d at 442 (noting that, after discovery, a prisoner might be able to show that he (or other inmates) had regularly engaged in prohibited conduct in the past, but prison officials did not penalize him for it until after he engaged in First Amendment-protected conduct). Such circumstances are not present here. In support of his retaliation claim, Plaintiff submitted affidavits from seven prison inmates. (Pl. Resp., docket # 44, Exhibits 1-7.) At most the affidavits tend to show Defendants Grudenich and Butler had a motive or plan to retaliate against Plaintiff. They do not rebut Defendants' argument that, even in the absence of any unconstitutional motive or plan, Grudenich and Butler still would have issued the major misconduct tickets because Plaintiff did in fact engage in misconduct, as evidenced by his convictions at the prison hearings. *See, e.g., Thomas*, 481 F.3d at 442. Nothing in the affidavits supports the type of selective enforcement theory alluded to in *Thomas*, at least as to the major misconduct tickets Plaintiff complains about.[1] Accordingly,

---

[1] Plaintiff also received a minor misconduct ticket for using a prison typewriter in a quiet room. Fellow inmate Jared Sisco stated in his affidavit: "Garrison was typing in the same 'quiet room' in front of Officer Butler since December of 2007 and never was told not to, or written any ticket for doing so by Officer Butler until he told Butler he wrote a grievance on him." (Pl.'s Resp., docket # 44, Exhibit 3.) Plaintiff does not dispute Defendants' contention that typing in the quiet room is a violation of written prison rules, and the record is ambiguous as to whether Plaintiff challenged this minor misconduct ticket in a prison hearing. In any event, Plaintiff does not allege any injury resulting from this minor misconduct ticket. (*See* Complaint, docket # 1.) His retaliation claim is based solely on the one major misconduct ticket issued by Defendant Grudenich (Count I), and the two major misconduct tickets issued by Defendant Butler. (Count II).

3

on this record, there is no basis to conclude that Defendants issued the major misconduct tickets in retaliation for Plaintiff's protected conduct. *See id.*; *Jackson*, 158 Fed. Appx. at 662.

**III.     Due Process Claims**

Plaintiff alleges Defendants Robbins and Stapleton violated his Due Process rights by failing to provide him with adequate procedural protections in the misconduct hearing and appeal process, and by condoning the allegedly unlawful actions of the other Defendants. The Magistrate Judge recommended dismissal of this claim because Defendants Robbins and Stapleton were acting in a judicial capacity when presiding over Plaintiff's misconduct hearings and appeals, therefore entitling them to absolute judicial immunity. *See Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988). Plaintiff objects to the Magistrate Judge's judicial immunity recommendation, arguing that Defendant Stapleton is not a judicial officer, and that judicial immunity does not protect either Stapleton or Robbins from suits for injunctive or declaratory relief. This objection is without merit.

Plaintiff's sole theory of relief against Defendant Stapleton is that Stapleton violated his Due Process rights by denying his request for rehearing on multiple misconduct convictions. The Court agrees with the Magistrate Judge that Defendant Stapleton, the Administrator of the Michigan Department of Corrections Office of Legal Affairs, was acting in a judicial role similar to an appellate judge when deciding whether to grant or deny Plaintiff's request for a rehearing. Consequently, Stapleton is entitled to absolute judicial immunity for alleged injuries arising out of his decision. *See Barber v. Overton*, 496 F.3d 449, 453 (6th Cir. 2007) (analyzing the function the defendant performed to determine whether judicial immunity is appropriate); *see also Shelly v. Johnson*, 849 F.2d 228 (6th Cir. 1988) (per curiam). This immunity extends to claims for equitable relief. *Roth v. King*, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006) (noting that Congress amended 42

U.S.C. § 1983 in 1996 to "explicitly immunize[] judicial officers against suits for injunctive relief"); *Gilbert v. Ferry*, 401 F.3d 411, 414 n. 1 (6th Cir. 2005) (noting that a Michigan State Court Administrator is "absolutely immune from injunctive relief under the judicial immunity doctrine").

## IV. Other Requested Relief

The Magistrate Judge interpreted Plaintiff's summary judgment response brief to include a request under FED. R. CIV. P. 56(f) to delay ruling on Defendants' motion until Plaintiff could conduct further discovery. The Magistrate Judge recommended denying such relief because Plaintiff had not at that time filed an affidavit as required under the Rule. Plaintiff included an affidavit in his Objections, but the affidavit is little more than a broad statement of the basic legal standard for a retaliation claim. (*See* docket # 55, Exhibit 1.) It does not indicate the specific discovery sought nor does it affirmatively establish that Plaintiff cannot properly respond to Defendants' motion without additional time for discovery. *See* FED. R. CIV. P. 56(f); *Wallis v. Norman*, 517 F.3d 558, 564 (6th Cir. 2003). Given the overall weakness of Plaintiff's claims and the theories of relief he has advanced, the Court is not persuaded that additional discovery would allow Plaintiff to establish a genuine issue of material fact on any claim. Consequently, relief under Rule 56(f) is unwarranted.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed June 22, 2009, is approved and adopted as the opinion of the Court, as further supplemented by this Order.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket # 40) is **GRANTED**. The case is **DISMISSED**.

Dated:   September 2, 2009              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE